IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY P. SULASKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 18 CV 5243 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

After petitioner Jeffrey Sulaski pled guilty to three counts of bank robbery, 18 U.S.C. 2113(a), this court sentenced him to 151 months in prison. United States v. Sulaski, 11 CR 659-1, Doc. 62 (N.D. Ill. March 5, 2014). On appeal, petitioner challenged some of his supervised release conditions; the Court of Appeals vacated and remanded for resentencing in light of United States v. Thompson, 777 F.3d 368 (7th Cir. 2015). United States v. Sulaski, 14-1520, Doc. 22 (7th Cir. Feb. 18, 2015). This court resentenced petitioner to the same 151 month term. Sulaski, 11 CR 659-1, Doc. 133 (N.D. Ill. Aug. 1, 2017). At both sentencing hearings, the court found that petitioner qualified as a career offender under U.S.S.G. § 4B1.1 and calculated petitioner's sentencing guidelines range accordingly.

Before the court is petitioner's pro se motion under 28 U.S.C. § 2255 to reduce his sentence. He argues that because neither his past conviction for bank robbery by force or intimidation, 18 U.S.C. 2113(a), nor his past conviction for Pennsylvania robbery, 18 Pa.C.S. § 3701, qualifies as a "crime of violence," he was not a career offender under U.S.S.G. § 4B1.1. That argument, however, was not raised by petitioner's lawyers at sentencing or resentencing.

Petitioner claims that their failure to do so violated his Sixth Amendment right to the effective assistance of counsel.

To show that he was denied the effective assistance of counsel, petitioner must show that the performance of his lawyers was deficient, and that their deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). That he has not done. Because petitioner's past convictions qualify as crimes of violence, his lawyers reasonably declined to argue otherwise. Petitioner's motion to reduce his sentence is therefore denied.

Under U.S.S.G. § 4B1.1, petitioner is a career offender if he has at least two felony convictions of a "crime of violence." A crime of violence is an offense "punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Under this definition, both of petitioner's predicate convictions qualify as crimes of violence. "Bank robbery by intimidation is a crime of violence under the elements clause of the definition in § 4B1.2(a)(1)." United States v. Campbell, 865 F.3d 853, 857 (7th Cir. 2017).

Petitioner's Pennsylvania robbery conviction is also a crime of violence. Because the Pennsylvania robbery statute has "clearly laid out alternative elements . . . it is obviously divisible and, therefore, a sentencing court can properly look to the kinds of documents listed by the Supreme Court in Taylor and Shepard to determine which subsection" was the basis of petitioner's conviction. United States v. Blair, 734 F.3d 218, 225 (3d Cir. 2013), citing Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005). Petitioner was first charged under subsection (v) of 18 Pa.C.S. § 3701(a)(1), which requires the physical taking or removing of property from another person "by force however slight." The state, however, moved to amend the charging document, which the Pennsylvania

court granted. That amended charge is the charge to which petitioner later pled guilty: robbery under 18 Pa.C.S. § 3701(a)(1), subsection (i) or (ii). Subsection (i) requires "inflict[ing] serious bodily injury upon another"; subsection (ii) requires "threaten[ing] another with or intentionally put[ting] him in fear of immediate serious bodily injury." Both subsections have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The Pennsylvania robbery conviction was thus a crime of violence.

## CONCLUSION

For these reasons, the court denies the petition filed under 28 U.S.C. § 2255 (Doc. 1). Petitioner's emergency motion for bond (Doc. 6) is denied, and his motion for "clarification as to the name and contact information for counsel" (Doc. 10) is denied as moot.

When a district court enters a final order adverse to a section 2255 petitioner, the court must decide whether to issue a certificate of appealability. See Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts. A certificate should issue if "reasonable jurists could debate whether the petition should have been resolved in a different manner . . . ." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because reasonable jurists could not debate whether the petition should be resolved in a different manner, the court declines to issue a certificate of appealability.

**ENTER:** May 3, 2019

Robert W. Gettleman
United States District Judge